IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF MISSOURI
WESTERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Plaintiff, ) | |
| ) | Criminal Action No. |
| v. ) | 06-00144-01-CR-W-FJG |
| ) | |
| LEVONNE E. DALLAS, ) | |
| ) | |
| Defendant. ) | |

## DETENTION ORDER

On April 26, 2006, I held a detention hearing. I find by clear and convincing evidence that defendant poses a danger to the community and that no single condition of release or combination of conditions of release will assure the safety of the community.

### I. BACKGROUND

On April 19, 2006, an indictment was returned charging defendant with possessing a firearm after having been convicted of a felony, in violation of 18 U.S.C. §§ 922(g)(1) and 924(a)(2). Defendant was arrested and appeared before me on April 21, 2006, for his initial appearance. During the initial appearance proceeding, the government filed a motion for a detention hearing and a motion to continue the hearing for three days. Those motions were granted, and defendant was remanded to the custody of the United States Marshal pending the hearing.

On April 26, 2006, a detention hearing was held. Defendant appeared in person, represented by Assistant Federal Public Defender Travis Poindexter. The government

was represented by Assistant United States Attorney David Barnes. The parties stipulated that the court consider the information in the Pretrial Services Report of Pretrial Services Officer Penney Hodges as the testimony she would give, under oath, if called as a witness. No other evidence was offered by either party.

## II. FINDINGS OF FACT

On the basis of the information contained in the report of Pretrial Services Officer Penney Hodges, I find that:

1. Defendant, 34, lived in New Jersey until he was transferred to Missouri by his employer three and a half years ago. Defendant lives in Gladstone with his girl friend, their child, and his girl friend's mother. Defendant's girl friend is willing to sign a bond, but her mother will not allow defendant to return to the residence to live.

2. Defendant's father is deceased and he has never known his mother. Defendant was primarily raised by his aunt who is in the process of moving from Ohio to New Jersey. Defendant has two siblings with whom he has no contact. Defendant has been married and divorced once, and he has a four-year-old child who lives with defendant's former wife in New Jersey. Defendant maintains regular contact with his child.

3. Defendant has a GED. He is currently unemployed. He previously worked for Ford Motor Company until November 2005 when he was incarcerated.

Defendant had worked for Ford for six years as an assembler earning about $50,000 per year. Defendant has no significant financial assets or liabilities.

    4.    Defendant is generally in good health. He experimented with cocaine from age 13 to age 15. He started using marijuana at age 13 and uses it on a daily basis.

    5.    Defendant's criminal history includes the following:

| Date | Charge | Disposition |
|---|---|---|
| 04/21/89 (age 17) | 1. Murder<br>2. Unlawful possession of a weapon<br>3. Possession of weapon w/o a permit<br>4. Possession of weapon for an unlawful purpose | 1. Amended to aggravated manslaughter **(Felony)**<br>2. Amended to possession of a weapon-shotgun **(Felony)**<br>3. Dismissed<br>4. Dismissed |
|  | Defendant received a 20-year sentence with a stipulation of 10 years before parole eligibility on count one and 5 years with a stipulation of 2 1/2 years before parole eligibility on count two. According to court records, defendant held a gun to the victim's head with the intent of scaring him. When the defendant poked the victim with the gun, it discharged resulting in the victim's death. Defendant was released in 1999. | |
| 10/12/02 | Miscellaneous controlled substance | 180-day suspended sentence, 2 years probation |
| 12/08/04 | Passing a bad check | 10 days in jail |
| 07/20/05 | Simple assault | Unknown |
| 11/28/05 | 2nd degree domestic assault (reduced to domestic assault) | See below |

> According to Gladstone, MO reports, on the above date, officers were called on a reported assault at defendant's residence. On the way to the scene, officers were advised the defendant had fled the scene in the victim's vehicle. The victim reported she was in the process of breaking up with the defendant, noting they have a child in common. She stated the defendant became enraged, drug her around by the hair, and hit her in the face. The victim stated she attempted to call the police, and the defendant broke the phone. She further related she attempted to leave the residence with their infant child, when the defendant shut the door on her arm. She stated she observed one of the neighbors outside so she yelled for the neighbor to call the police. The defendant reportedly began dragging the victim down the hallway with their child in her hands, and a gun in her face. She stated he began loading ammunition into the gun and then pointed the gun in her face, while she was begging him not to shoot her. The defendant released the victim, put the gun in the trunk of her car, and sped off. Officers later apprehended the defendant and recovered the firearm from the trunk of the vehicle. The victim sustained injuries to her face and hand. According to the defendant, he could not make bond in the above case. He stated he received a one-year suspended sentence with two years probation. The above-listed incident also resulted in the instant offense charge.

According to U.S. Pretrial Services in Newark, New Jersey, the defendant has an active warrant for possession of a controlled substance (marijuana) with intent to distribute; and possession of a controlled substance within 1,000 feet of a school. The warrant is extraditable within the state of New Jersey only as they are misdemeanor offenses.

6. Defendant faces a maximum prison sentence of 10 years if convicted.

### III. CONCLUSION

I find by clear and convincing evidence that no single condition or combination of conditions of release will reasonably assure the safety of the community. Defendant is charged with possessing a firearm after having been convicted of a felony. This offense

4

occurred during a violent assault of his girl friend while she was holding defendant's infant child.  Defendant loaded the firearm and pointed it at his girl friend's face.  Defendant previously killed a person while pointing a gun at that victim's head.  Defendant is a daily user of marijuana, he has a 20-year history of illegal drug use, and he has outstanding warrants for possession with intent to distribute illegal drugs and for possessing drugs near a school.

It is, therefore

ORDERED that the defendant be committed to the custody of the Attorney General or his authorized representative for detention pending trial.  It is further

ORDERED that the defendant be confined in a corrections facility separate, to the extent practicable, from persons awaiting or serving sentences or being held in custody pending appeal.  It is further

ORDERED that the Attorney General or his authorized representative ensure that the defendant is afforded reasonable opportunity for private consultation with his counsel.  It is further

ORDERED that, on order of a court in the Western District of Missouri, the person in charge of the corrections facility where defendant is confined deliver the

defendant to a United States Marshal for his appearance in connection with a court proceeding.

                                                          */s/ Robert E. Larsen*
                                                    ROBERT E. LARSEN
                                                    United States Magistrate Judge

Kansas City, Missouri
April 27, 2006